United States District Court
Southern District of Texas
**ENTERED**
June 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| DEAN CHAN,<br><br>    Plaintiff,<br><br>VS.<br><br>CITI GROUP MORTGAGE LOAN TRUST, INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2005-WF2, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE and SPECIALIZED LOAN SERVICING, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 7:22-cv-00422 |

## **OPINION AND ORDER**

The Court now considers "Defendants' Motion for Judgement on the Pleadings Pursuant to Rule 12(c)."[1] Plaintiff has not filed a response and the duration for doing so has passed which renders Defendants' motion unopposed by operation of this Court's Local Rule.[2] After consideration of the motion and relevant authorities, the Court **GRANTS** Defendants' motion.[3]

**I.  FACTUAL AND PROCEDURAL HISTORY**

This is a dispute that pertains to Plaintiff's property at 2427 Flushing Meadow, Weslaco, Texas 78596.[4] The property was purchased in part due to a mortgage issued by Wells Fargo Bank, N.A. on April 11, 2005.[5] Plaintiff signed a Note and Deed of Trust that issued Wells Fargo Bank,

---

[1] Dkt. No. 12.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 12.
[4] Dkt. No. 1-4 at 3 ¶ 4.2.
[5] Dkt. No. 6-3 at 1.

N.A. a lien on the property in case of default.[6] Wells Fargo Bank, N.A. assigned the Note and Deed of Trust to Defendants on November 19, 2007.[7] Plaintiff filed his complaint in the 398th Judicial District for the District Court of Hidalgo County, Texas on December 1, 2022.[8] Plaintiff filed claims of breach of contract, fraud by non-disclosure, common law fraud, negligence, negligent misrepresentation, and breach of fiduciary duty.[9] Defendant answered in the 398th Judicial District[10] of Texas and then promptly removed to this Court on December 12, 2022.[11] Defendant filed its counterclaim in this Court on January 6, 2023.[12] Plaintiff has not filed a response and the duration to do so has passed.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgement on the pleadings only "[a]fter the pleadings are closed."[13] The pleadings closed when Defendants filed a counterclaim to Plaintiff's complaint to the Court on January 6, 2023[14] and Plaintiff did not submit a timely reply.[15] Therefore, the motion for judgement on the pleadings is appropriate.[16] A Rule 12(c) motion is analyzed under Rule 12(b)(6).[17] "[T]he inquiry focuses on the allegations in the

---

[6] Dkt. No. 6-3 at 6 ¶ 4.
[7] Dkt. No. 6-3 at 2-3.
[8] Dkt. No. 1-4 at 1.
[9] Dkt. No. 1-4 at 4-5 ¶ 6.1-6.6.
[10] Dkt. No. 1-6.
[11] Dkt No. 1.
[12] Dkt. No. 6.
[13] FED. R. CIV. P. 12(c).
[14] Dkt. No. 6.
[15] FED. R. CIV. P. 12(a)(1)(b).
[16] *See Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015).
[17] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits."[18]

The Court uses federal pleadings standards to determine the sufficiency of a complaint.[19] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[20] Under Federal Rule of Civil Procedure 12(b)(6), in order for plaintiff's case to not be dismissed, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21] The Court reads the complaint as a whole,[22] accepts well-pleaded facts as true, even if doubtful or suspect,[23] and considers those facts in the light most favorable to the plaintiff.[24] While the Court will not strain to find inferences favorable to the plaintiff,[25] it also will not indulge competing reasonable inferences that favor the Defendant.[26] A plaintiff need not plead evidence[27] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[28] but must plead more than "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[18] *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).
[19] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004).
[20] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing [of] the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[22] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").
[23] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).
[24] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.'")).
[25] *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008).
[26] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[27] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[28] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).

conclusory statements" to survive a motion to dismiss.[29] The Court is to give a liberal construction to the pleadings and allow plaintiffs to offer evidence which support their theories of liability unless there is no basis for liability.[30]

In evaluation of a motion to dismiss, Courts disregard any conclusory allegations or legal conclusions[31] as not entitled to the assumption of truth,[32] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[33] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] Courts have "jettisoned the [earlier] minimum notice pleading requirement."[35] The complaint must plead facts that "nudge: the claims "across the line from conceivable to plausible,"[36] because discovery is not a license to go fishing for a colorable claim.[37] The complaint must allege more than the sheer possibility that a defendant acted

---

[29] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).

[30] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").

[31] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)) ("We do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'").

[32] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[33] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[34] *Iqbal*, 556 U.S. at 678.

[35] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[36] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

[37] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

unlawfully and more than facts merely consistent with a defendant's liability.[38] The complaint must plead every material point necessary to sustain recovery, and dismissal is proper if the complaint lacks a requisite allegation.[39] This standard aims "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, [but] not to evaluate the plaintiff's likelihood of success."[40] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[41]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[42] Attachments to the complaint become part of the pleadings for all purposes,[43] but the Court is not required to accept any characterization of them because the exhibit controls over contradiction assertions,[44] except in the case of affidavits.[45] Because the focus is on the pleadings, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgement under Rule 56,"[46] but not if the material is a matter of public record[47] and not if a defendant attaches documents

---

[38] *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).
[39] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[40] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))
[41] See Twombly, 550 U.S. at 555.
[42] *Dorsey*, 540 F.3d at 338.
[43] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[44] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014)
[45] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[46] FED. R. CIV. P. 12(d).
[47] *Joseph v. Bach & Wasserman, L.L.C.,* 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[48]

In addition, Federal Rule of Civil Procedure 9(b) requires that Plaintiff, "[i]n alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[49] For example, certain Texas Deceptive Trade Practices-Consumer Protection Act[50] claims may have to meet the Rule 9(b) standard.[51] "The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[52] This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[53] To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[54] The "particularity"

---

[48] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).
[49] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).
[50] TEX. BUS. & COM. CODE ANN. § 17.41 (West 2020).
[51] *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (Alvarez, J.) (collecting cases); *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) (Tagle, J.) (collecting cases).
[52] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) & *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).
[53] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).
[54] Id. (quoting Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006)).

required by Rule 9(b) also disallows collectivized or group allegations; Plaintiff must delineate which Defendant is responsible for which allegedly fraudulent activity.[55] The allegations must "enlighten each defendant as to his or her particular part in the alleged fraud."[56] Courts will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[57]

## IV.  DISCUSSION

Defendants' motion to dismiss attacks Plaintiff's claims; breach of contract, fraud by non-disclosure, common law fraud, negligence, negligent misrepresentation, and breach of fiduciary duty.[58] Defendants argue that "Plaintiff's petition consists of a formulistic recitation of the elements of six (6) causes of action, but does not plead any facts or allegations against SLS or Citi."[59] The Court agrees. Plaintiff's complaint merely recites the elements of the aforementioned claims without any underlying facts that support them. Except for the address of the Property, Plaintiff's assertions are void of further factual enhancement to support the claims. Plaintiff's assertion that he has earned $70,000 and "intends to use that money to reinstate the [N]ote"[60] does not constitute the basis of any cause of action against Defendants.

Plaintiff recites the elements of a breach of contract in his complaint,[61] but Defendants rightfully state that "Plaintiff pleads no facts for breach of contract."[62] The Court agrees. A plaintiff that claims breach of a Note or Deed of Trust "must identify the specific provision in the contract

---

[55] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing Southland Sec. Corp. v. INSpire Ins. Sols., 365 F.3d 353, 365 (5th Cir. 2004)).
[56] *Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted).
[57] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[58] Dkt. No. 1-4 at 4-5 ¶ 6.1-6.6.
[59] Dkt. No. 12 at 2 ¶ 2.
[60] Dkt. No. 1-4 at 3 ¶ 5.2.
[61] Dkt. No. 1-4 at 4-5 ¶ 6.1.
[62] Dkt. No. 12 at 4 ¶ 6.

that was breached." [63] Although Plaintiff states that "plaintiff and defendant were each a party to a valid and enforceable contract,"[64] Plaintiff fails to specify which contractual provision he alleges Defendants breached. Therefore, the Plaintiff has only provided a "threadbare recital of the elements of a cause of action, supported by mere conclusory statements"[65] which is insufficient to establish the plausibility as required by the 12(b)(6) Standard.[66]

Regarding Plaintiff's claims for fraud by non-disclosure and common law fraud, Plaintiff again recites the elements of fraud by non-disclosure[67] but pleads no facts for fraud by non-disclosure. Plaintiff set out no facts to illustrate the who, what, when, where, why and how of the alleged fraud. Plaintiff says nothing about which "facts should have been disclosed that were not, or how [he] detrimentally relied on the defendant's omissions."[68] Although Plaintiff states that "Defendant concealed from or failed to disclose certain facts to Plaintiff when Defendant had a duty to disclose those facts,"[69] Defendants rightfully state that, "[Plaintiff] does not specify any "certain facts" SLS or Citi failed to disclose to Plaintiff."[70] Plaintiff similarly recites the elements of common law fraud in his complaint[71] but pleads no facts. As Defendants point out, "Chan does not allege what "false and material representation" SLS or Citi made to Chan. Therefore, Plaintiff

---

[63] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).
[64] Dkt. No. 1-4 at 4-5 ¶ 6.1.
[65] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[66] *Id.*
[67] Dkt. No. 1-4 at 4-5 ¶ 6.2.
[68] Alkins Capital Invs., Ltd. v. Cathay Bank, No. 4:21-CV-03323, 2022 U.S. Dist. LEXIS 238206, at *15 (S.D. Tex. Jan. 20, 2022).
[69] Dkt. No. 1-4 at 4-5 ¶ 6.2.
[70] Dkt. No. 12 at 5 ¶ 12.
[71] Dkt. No. 1-4 at 4-5 ¶ 6.3.

fails to state a common law fraud claim."[72] In both fraud claims Plaintiff does not provide a factual basis for the "who, what, when, where, why and how"[73] of fraud required by the 9(b) Standard.

Plaintiff also alleges claims of negligence, negligent misrepresentation, and breach of fiduciary duty.[74] These claims each arise out of the assumption by Plaintiff that Defendants had some duty to Plaintiff which was breached. Plaintiff recites the elements of these claims, but Defendants again point out that "Plaintiff pleads no duty and does not allege any acts which could constitute a breach of any duty."[75] The Court notes that "Texas does not recognize such a duty between a mortgagor and mortgagee except where there is a special relationship 'marked by a shared trust or an imbalance in bargaining power.'"[76] Plaintiff does not allege that there was a special relationship "marked by shared trust or an imbalance of bargaining power" between himself and Defendants in his complaint. As no legal duty exists between Plaintiff and Defendants, Plaintiff's claims of negligence, negligent misrepresentation, and breach of fiduciary duty fail as a matter of law.

In regard to the Defendants' counterclaim,[77] should the Defendants assert that the Plaintiff has violated the terms of their Deed of Trust, they have the right to seek a nonjudicial foreclosure and public auction in accordance with the Note,[78] Deed of Trust,[79] and Section 51.002 of the Texas Property Code.[80] It is not necessary for the Court to issue an order permitting a nonjudicial foreclosure in the event of a significant breach of the Deed of Trust, provided the foreclosure aligns

---

[72] Dkt. No. 12 at 5 ¶ 13.
[73] *Massengale*, WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d at 207. & *Williams*, 417 F.3d at 453.).
[74] Dkt. No. 1-4 at 4-5 ¶ 6.4-6.6.
[75] Dkt. No. 12 at 5 ¶ 14.
[76] Scott v. Bank of Am., N.A., 597 F. App'x 223, 225 (5th Cir. 2014)
[77] Dkt. No. 6.
[78] Dkt. No. 6-2.
[79] Dkt. No. 6-3.
[80] Tex. Prop. Code Ann. § 51.002 (West 2021).

with the conditions set out in the Note and Deed of Trust that established the lien on the property. In light of this, the Defendants' counterclaim may be considered moot. Given they already possess the necessary means to pursue a nonjudicial foreclosure and public auction within the framework of the Note, Deed of Trust, and Section 51.002 of the Texas Property Code, there is no need for a specific court order to this effect. Defendants' counterclaim lacks substantive grounds for consideration.

### V. CONCLUSION

For the reasons cited above, Plaintiff's claims against Defendants in their official capacities fail to state a claim upon which relief can be granted. Defendants' motion is **GRANTED,** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Defendants' counterclaim is **DISMISSED AS MOOT.** Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of June 2023.

_____
Micaela Alvarez
United States District Judge